UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRACY R. DIETMEYER | : | Case No. 1:06CV605 |
| Plaintiff, | : | |
| | : | Judge Barrett |
| | : | Magistrate Judge Black |
| vs. | : | |
| | : | |
| LINDA S. MCMAHON, COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr." at 15-25) (ALJ's decision)).

**I.**

Plaintiff filed her application for DIB and SSI on October 15, 2003, alleging that she was disabled beginning on January 29, 1996, due to mastitis/breast abscesses, and related and unrelated breast pain. (Tr.15; Memorandum in Opposition doc. 8 at 1.)

Upon denial of plaintiff's claims on the state agency level, she requested a hearing *de novo* before an ALJ. A hearing was held on August 4, 2005, at which plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

appeared with counsel and testified. (*See* Tr. 15-16.) A vocational expert, Kenneth Manges, and the claimant's mother, Marlene Yarger, were also present and testified. (Tr. 15, 22-23.)

On March 11, 2004, ALJ Ronald T. Jordan entered his decision finding plaintiff not disabled. That decision became defendant's final determination upon denial of review by the Appeals Council. (Tr. 5-7.) *See* 20 C.F.R. § 404.981.

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant met the special earnings requirement of the Act on January 29, 1996, the date the claimant stated she became unable to work, and continued to meet them only through March 31, 2003.

2. From January 1, 2002 to May 1, 2002, the claimant was working as manager at a dairy bar and was earning an average of $1,545 per month. (20 CFR 404.1572).

3. The claimant's work activity from January 1, 2002 to May 1, 2002 involved significant physical or mental activities for pay or profit. (20 CFR 404.1573.)

4. The claimant's work activity from January 1, 2002 to May 1, 2002 constituted substantial gainful activity within the meaning of the regulations (20 CFR 404.1572)

5. The claimant did not engage in substantial gainful activity from January 29, 1996 to January 1, 2002 and has not engaged in substantial gainful activity since May 1, 2002.

6. The medical evidence establishes that the claimant, from January 29, 1996 through March 31, 2003, had severe chronic left breast mastitis, residuals from a motor vehicle accident in January 1996, an adjustment disorder with depressed mood, borderline intellectual functioning, and a post-traumatic stress disorder, but that she did not have an impairment or combination of

2

      impairments listed in, or medically equal to one listed in Appendix 1 Subpart P, Regulations No. 4.

7. The claimant's testimony was partially but not fully credible.

8. The claimant, from January 29, 1996 through March 31, 2003, had residual functional capacity to perform a reduced range of light work with the various exertional and nonexertional limitations specifically set forth in the decisional body (20 CFR 404.1545)

9. The claimant was unable to perform her past relevant work as a customer service representative and a restaurant server from January 29, 1996 through March 31, 2003.

10. The claimant's residual functional capacity for the full range of light work was reduced by the nonexertional limitations set forth in the decisional body.

11. The claimant is currently 41 years old and has been a younger individual at all times herein. (20CFR 404.1563).

12. The claimant has a high school education (20 CFR 404.1564).

13. The claimant has an unskilled work history and does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work (20 CFR 404.1568).

14. Based on the exertional capacity for light work, and the claimant's age, education, and work experience, Section 404.1569 of the Regulations No. 4 and Rule 202.20, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

15. Although the claimant's additional nonexertional limitations did not allow her to perform the full range of light work from January 29, 1996 through March 31, 2003, using the above cited rule as a framework for decisionmaking, there are a significant number of jobs in the national economy which she could have performed. An example of such a job is unskilled light janitor/house cleaner of which 223,972 jobs exist nationally, including 4,000 in the claimant's local area.

16. The claimant was not under a "disability" as defined in the Social Security Act at any time through the date last insured of March 31, 2003 (20 CFR 404.1520(g)).

(Tr. 20 - 24.)

The ALJ concluded that plaintiff was not entitled to a period of disability or DIB during the closed period. (Tr. 25).

On appeal, plaintiff asserts two assignments of error.

First, plaintiff asserts that the ALJ did not properly account for the work-prohibitive characteristics of the mastitis/breast abscesses, and related and unrelated breast pain, and further did not properly consider the limiting effects of plaintiff's mental impairments upon her ability to work. (Statement of Specific Errors doc. 7 at 1). Plaintiff suggests that perhaps this is due to the fact that plaintiff's period of disability was a lengthy one and the effects of the several impairments are strung out from the accident of January 29, 1996 through March 31, 2003 and to the present. Thus, plaintiff argues that ALJ failed to properly account for the limiting effects of her condition, and their cumulative effects.

Second, plaintiff contends that the findings of the ALJ that were incorporated into the hypothetical questions with respect to both physical and mental impairments are not supported by substantial evidence upon the record as a whole.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must

4

be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows:  At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*).  If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis.  *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work,

the matter should be remanded for further consideration under Step 5.  *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

## III.

For her first assignment of error, plaintiff maintains that the ALJ failed to consider the episodic and periodic nature of her work absences caused by plaintiff's breast cancer and that the ALJ did not consider plaintiff's mental impairments.

To prove disability, a claimant must prove that she had disabling limitations for at least 12 continuous months.  (20 C.F.R § 404.1505).  Here, prior to her date last insured, March 31, 2003, plaintiff did not experience 12 continuous months of disabling symptoms from her breast condition, as reported by her attending medical physicians, Dr. Tracy and Dr. Hernandez, during 2001 to 2003.  (Tr. 204-245).  The opinion by psychologist Dr. Reece, eight months after the expiration of Plaintiff's insured status, was that she was mildly impaired in her ability to relate to others and to withstand stress, moderately impaired to follow directions and to perform repetitive tasks, and would have no problem with managing money. (Tr. 255).  Later reports of some worsening of plaintiff's mental condition by Dr. Hernandez (September 2005) and Dr. Lester (July 2005) were well after the covered period (Tr. 303, 226, 248, 250,291).  Thus, these opinions are not relevant to

Plaintiff's present claim for DIB because they did not concern her condition prior to her date last insured.

Moreover, contrary to plaintiff's assertions, the ALJ did consider plaintiff's mental impairment. This consideration is evidenced by the ALJ having limited plaintiff to: (1) work which required only simple repetitive one or two step tasks with only simple instructions; (2) work which required concentration and persistence of merely two hour intervals with 15 minute breaks: (3) a work environment with little or no change; (4) a work environment with no contact with the general public; (4) her own work station; (5) and only occasional contact with co-workers (Tr. 22). Thus the ALJ's RFC finding accommodated plaintiff's mental limitations and was consistent with her treatment record during the relevant time.

Plaintiff's second assignment of error, that the ALJ's findings incorporated in the hypothetical questions posed to the VE, with respect to both physical and mental impairments, are not supported by substantial evidence upon the record as a whole, is also unavailing.

Initially, plaintiff's reported symptoms of anxiety appeared to stem from pre-menstrual syndrome (Tr. 175, 181). Later in the record, her depression symptoms appeared to be due to situational stressors, e.g., divorce with custody issues and money problems (Tr. 185, 212). Throughout the relevant time, prior to March 31, 2003, her date last insured, the record shows that plaintiff responded well to anti-depressants (Tr. 179, 181, 185, and 217). Moreover, at no time during the relevant period did she describe any disabling mental limitations (Tr. 175-76, 179, 181, 184-85, 195, 212-13, 216-17). The

7

medical source opinions rendered closest in time to plaintiff's date last insured for DIB were those of consultative examining psychologist, Dr. Reece (Tr. 21), and state agency reviewing psychologist, Dr. Matyi (Tr. 273) . Dr. Reece opined that plaintiff was mildly impaired in her ability to relate to others and to withstand stress, moderately impaired to follow directions and to perform repetitive tasks, and would have no problems with managing money (Tr. 255).  Dr. Mayti, only one month later, in December 2003, opined that plaintiff was able to comprehend, remember, and carry out simple task instructions; could maintain attention and make simple decisions; could interact appropriately with others; and adapt to a setting in which duties were routine and predictable (Tr. 273).  As stated previously, later findings of possible deterioration in plaintiff's condition by Drs. Hernandez and  Lester in 2005 were more than two years after the covered period and are not relevant to the ALJ decision.

Thus, the overall record provides substantial evidence to support the findings that the ALJ incorporated in the hypothetical questions made to the VE with respect to both physical and mental impairments.

If plaintiff feels that her condition worsened after the date last insured for DIB (and to the extent that she is now disabled), her proper course of action may be to file a claim for Supplemental Security Income if her income and resources fall below prescribed levels.  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 712 (6th Cir. 1988).

## IV.

In conclusion, the plaintiff has not met her burden of showing that she meets the 12 month continuous disability requirement prior to the date last insured, March 31, 2003, and the record shows that the ALJ's findings are supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that plaintiff was not entitled to a period of disability and disability income benefits, should be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:  March 17, 2008              s/Timothy S. Black
                                                              Timothy S. Black
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRACY R. DIETMEYER | : | Case No. 1:06CV605 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Barrett |
| | : | Magistrate Judge Black |
| vs. | : | |
| | : | |
| LINDA S. MCMAHON, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | | |
| Defendant. | | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).